# EXHIBIT A

| | |
|---|---|
| **From:** | Brandon Bruce |
| **To:** | Brandon Bruce |
| **Subject:** | FW: Form submission from: Contractor Whistleblower Reprisal Form |
| **Date:** | Wednesday, June 26, 2019 1:07:33 PM |

-----Original Message-----
From: State OIG <stateoig@stateoig.onmicrosoft.com>
Sent: Sunday, June 9, 2019 4:24 PM
To: Hotline <hotline@stateoig.gov>
Subject: Form submission from: Contractor Whistleblower Reprisal Form

Submitted on: Sunday, June 9, 2019 - 16:23

Submitted by user: Anonymous

Contact Information:

Name: Garrett Lancaster
Address: [redacted]
City, State and Zip: [redacted]
E-mail Address: [redacted]
Phone Number: [redacted]

Submitted values are:
Disclosure Information:
========================
Please indicate the categories that best represent the nature of your
disclosure:

- Gross mismanagement of a Federal contract or grant
- Gross waste of Federal funds
- An abuse of authority relating to a Federal contract or grant
- A violation of law, rule, or regulation related to a Federal contract (including the competition for, or negotiation of a contract) or grant

Please describe in detail the nature of your disclosure, including when and where the event occurred, any witnesses to the event that can provide corroborating information, and any actions that were taken by the person(s) or agency to address the disclosure (not including the reprisal action).

I have not filed a complaint prior to this retaliation submission. I have cooperated with OIG in regards to a complaint filed against MSA Security and the State Department's Canine Validation Center. The intial complaint was filed by Karen Iovino, H20171635.

Please indicate the categories that best represent to whom you made your
disclosure:

An Inspector General

Please provide details of to whom you made your disclosure, including how the disclosure was made (e.g. e-mail, letter by mail, verbally, etc.), the name and address of the person(s) or agencies to whom you made the disclosure, and the date the disclosure(s) was made.

I have spoken with several investigators in reference to different aspects of the initial complaint. I have also spoken with investigators for the House Oversight Committee for National Security. My Supervisors were made of aware of

**OFFICIAL INFORMATION - DOS AUTHORIZATION FOR LIMITED USE GRANTED PURSUANT TO 22 C.F.R. PART 172**

my initial contact with OIG.

Reprisal Information:

Please indicate the categories that best represent the reprisal action:

Discharged

Please provide details of the reprisal action(s), including when and where the reprisal occurred; the name, position, and contact information of the individual and/or agency committing the reprisal; the presentation of the reprisal (i.e., verbally or in writing); and the delivery of the reprisal (e.g., in-person, via e-mail or mail, etc.).

When I was first contacted by OIG, I advised my direct supervisor, Jeff Piacquadio of the request. He then advised the Project Manager, Mike Hayes.
Mike Hayes came to me and stated that I should cooperate and answer the questions truthfully. I did not advise my supervisors of the subsequent times I was contacted by different investigators. Initially there was no change in the atmosphere in the work place. Once the CVC administration learned that the investigation was not going to go away, there was a definite change in the way I was treated. Several of the supervisors stopped speaking to me and were no longer friendly. Even thought I have worked with most of these individuals since 2004. The change was obvious and noticed by other employees which prompted questions about the treatment. This continued for the duration of my employment. I have been named as a cooperating witness for OIG in documents submitted to the MSA legal teams. In April 2019, DR Iovino was served with a lawsuit by MSA, in which I was named. In reference to the suit, an affidavit was issued to MSA naming myself as a cooperating witness in a criminal investigation. Just a few weeks later, May 21st, I was sent home on administrative leave. I was accused, by Alan Bower, of manipulating the test to make it easier for the students. When I asked for specifics, I was told that I was seen rubbing a training aid on the side of the boxes and bags. I denied these accusations and was told that I was seen on video. I requested to see the videos and was told, by Peter Capizzi that may be possible when the investigation was complete. Mr Bower continued to accuse me of manipulating boxes and bags when I told him I was most likely just adjusting the alignment. My direct supervisor, Mr Piacquadio stated that there was a difference between manipulation and adjusting. He also said, that when he was allowed to see the video, he would most likely be able to make a determination of my actions. My company phone, computer and my explosive detection canine were taken and I was escorted out of the building. I was home for almost three weeks before I heard anything from MSA. On Friday , June 7th, I was contacted by Mike Hayes. Mr Hayes advised me that the investigation had been completed and that I was still being accused of the same violations. Mr Capizzi was also on the phone, I asked if I would be able to see the video and was denied. He stated that the videos were owned by the State Department and I was not allowed to view them. I was given the choice of resignation or termination. I told them that without the opportunity to view the video and defend myself, I could not resign. Mr Capizzi stated that there was a third party expert that viewed the video and determined that I was manipulating the test on numerous occasions. I was not given the experts name. I asked Mr Capizzi if other validators were seen performing the same actions and was told that he could not answer that question. Mr Hayes told me that I would receive and email that day with my termination letter and would receive a copy in the mail in the next few days. I was also told that my belongings would be packed up and shipped to me. There is a very good chance that my desk will be sorted through and not everything returned to me.

Please indicate whether you have addressed your reprisal to any of the following:

None

Please provide details of the judicial and/or administrative proceeding(s), including the jurisdictional body hearing the proceeding(s), the date and location of the proceeding(s), and the results of the proceeding(s).

Employment Information:

Please indicate your employment status at the time of the reprisal:

**OFFICIAL INFORMATION - DOS AUTHORIZATION FOR LIMITED USE GRANTED PURSUANT TO 22 C.F.R. PART 172**

Employee of a contractor

Please provide details of your employment, including the name, address, and contact information of your employer; the dates of your employment; your job title and a brief description of your duties; a description or number of the contract or grant involved (if known); the bureau/office that issued the contract/grant (if known); and the contact information for the contracting officer/grants officer administering the contract/grant (if known).

I have been employed with MSA since October 2010. I intially deployed as an explosive detection canine handler. In December 2015, I started work as a Validation and Training specialist at the Canine Validation Center. I have worked at the CVC until June 7th of this year. At the CVC, I was tasked with setting up and evaluating explosive detection exercises for WPS canine teams.
The CVC is located at 390 Airport RD in Winchester VA. My direct supervisor was Jeff Piacquadio, Deputy Project Manager. His work number is 540-931-2976.

**OFFICIAL INFORMATION - DOS AUTHORIZATION FOR LIMITED USE GRANTED PURSUANT TO 22 C.F.R. PART 172**