**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **GARRETT LANCASTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 5:23-CV-00063-EKD** |
| | ) | |
| **v.** | ) | |
| | ) | **DEFENDANT'S ANSWER TO** |
| **MICHAEL STAPLETON ASSOCIATES, LTD.,** | ) | **PLAINTIFF'S FIRST AMENDED** |
| **d/b/a MSA SECURITY, INC.** | ) | **COMPLAINT** |
| | ) | |
| **Defendant.** | ) | |

Defendant, Michael Stapleton Associates, LTD. d.b.a. MSA Security, Inc. ("MSA" or "Defendant"), by and through undersigned counsel, hereby submits this Answer to Plaintiff Garrett Lancaster's ("Lancaster" or "Defendant") First Amended Complaint (the "Amended Complaint").

## I.     INTRODUCTION[1]

1. Defendant admits that Plaintiff filed a complaint against MSA, but otherwise denies any allegations made in Plaintiff's introductory paragraph of the Amended Complaint.

## II.     JURISDICTION

2. Admit.

3. Defendant admits that Plaintiff's complaint alleges damages under 41 U.S.C. § 4712, but otherwise denies any allegations made in Plaintiff's jurisdictional paragraph of the Amended Complaint.

## III.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Deny.

---

[1]     The headings and numbering are inconsistent throughout Plaintiff's First Amended Complaint. For purposes of continuity and clarity as to what Defendant MSA is responding to, the undersigned counsel kept all headings and numbering the same as Plaintiff's First Amended Complaint, even if it appears out of order.

5. Admit.

6. Admit that the Department of State Office of Inspector General ("DoS OIG") sent a report to DoS Office of Procurement Executive ("OPE") on March 2, 2021, but otherwise deny any allegations made in ¶ 6 of the Amended Complaint.

7. Admit that DoS OPE denied Lancaster any requested relief on April 28, 2022, but otherwise deny any allegations made in ¶ 7 of the Amended Complaint.

## IV.    <u>VENUE</u>

8. Admit.

## V.    <u>PARTIES</u>

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of Lancaster's residence. Admit that Lancaster was an employee of MSA between 2010 and 2019. The remaining allegations made in ¶ 9 of the Amended Complaint are denied.

10. Admit.

11. Deny.

## VI.    <u>STATEMENT OF GENERAL FACTS</u>

### A. <u>Common Facts:</u>

12. Admit.

13. Admit.

14. Admit that MSA has more than 1,600 employees operating across more than 40 states and 50 countries, but otherwise deny any allegations and unattributed quotations in ¶ 14 of the Amended Complaint.

15. Admit.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of who Canines A, B, and C are and thus denies the same.

17. Admit.

18. Deny.

19. Admit.

20. Admit.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made in ¶ 21 and thus denies the same.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made in ¶ 22 and thus denies the same.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations made in ¶ 23 and thus denies the same.

24. Deny.

25. Deny.

26. Plaintiff removed ¶ 26 and therefore no response is required.

   a. **Federal and State Statutes Protecting and Conferring Rights on Canines:**

27. Admit to the existence of ERIN H. WARD, CONG. RESEARCH SERV., R46672, FEDERAL STATUTES PROTECTING DOMESTICATED AND CAPTIVE ANIMALS (2021), but otherwise denies any allegations and legal conclusions in ¶ 27 of the Amended Complaint.

28. Admit to the existence of the Animal Welfare Act of 1966, 7 U.S.C. §§ 2131-2159, 18 U.S.C. § 49, and 9 C.F.R. § 2.1, but otherwise deny any allegations and legal conclusions in ¶ 28 of the Amended Complaint.

29. Admit to the existence of the 18 U.S.C. § 1368, but otherwise deny any allegations and legal conclusions in ¶ 29 of the Amended Complaint.

30. Admit to the existence of the Va. Code § 3.2-6570, but otherwise deny any allegations and legal conclusions in ¶ 30 of the Amended Complaint.

31. Admit to the existence of the Va. Code § 54.1-3800 and Va. Code § 54.1-3806, but otherwise deny any allegations and legal conclusions in ¶ 31 of the Amended Complaint.

32. Admit to the existence of the Va. Code § 54.1-3804 and Va. Code § 54.1-3807, but otherwise deny any allegations and legal conclusions in ¶ 32 of the Amended Complaint.

   a. **Federal Statute Prohibiting Obstruction and Reporting to Law Enforcement Agencies:**

33. Admit to the existence of the 18 U.S.C. § 1513(e), but otherwise deny any allegations and legal conclusions in ¶ 33 of the Amended Complaint.

**D. Code of Conduct and Treatment of Canines:**

34. Admit to the existence of MSA's Code of Conduct and that the language quoted in ¶ 34 of the Amended Complaint appears in MSA's Code of Conduct, but otherwise deny any allegations and legal conclusions in ¶ 34 of the Amended Complaint.

35. Admit to the existence of MSA's Code of Conduct and that the language quoted in ¶ 35 of the Amended Complaint appears in MSA's Code of Conduct, but otherwise deny any allegations and legal conclusions in ¶ 35 of the Amended Complaint.

**E. Code of Conduct and Reporting Medical Malpractice:**

36. Admit to the existence of MSA's Code of Conduct and that the language quoted in ¶ 36 of the Amended Complaint appears in MSA's Code of Conduct, but otherwise deny any allegations and legal conclusions in ¶ 36 of the Amended Complaint.

**F. Code of Conduct and Discipline for Retaliation:**

37. Admit to the existence of MSA's Code of Conduct and that the language quoted in ¶ 37 of the Amended Complaint appears in MSA's Code of Conduct (although not in the order drafted by Plaintiff), but otherwise deny any allegations and legal conclusions in ¶ 37 of the Amended Complaint.

**G. Code of Conduct and Confidentiality Obligations and Exceptions:**

38. Admit to the existence of MSA's Code of Conduct and that the language quoted in ¶ 38 of the Amended Complaint appears in MSA's Code of Conduct, but otherwise deny any allegations and legal conclusions in ¶ 38 of the Amended Complaint.

39. Admit to the existence of MSA's Code of Conduct and that the language quoted in ¶ 39 of the Amended Complaint appears in MSA's Code of Conduct, but otherwise deny any allegations and legal conclusions in ¶ 39 of the Amended Complaint.

## VII.   BACKGROUND FACTS SPECIFIC TO PROTECTED ACTIVITY

40. Admit that Karen Iovino contacted the OIG in July 2017 to make a report regarding MSA, but otherwise deny any allegations and legal conclusions in ¶ 40 of the Amended Complaint.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of what actions OIG and/or AQM took and therefore cannot respond. To the extent a response is required, MSA denies all allegations in ¶ 41 of the Amended Complaint.

42. Admit.

43. Deny.

## VIII.   PROTECTED ACTIVITIES

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of what actions OIG and/or Lancaster took and therefore cannot respond. To the extent a response is required, MSA denies all allegations in ¶ 44 of the Amended Complaint.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of what actions OIG and/or Lancaster took and therefore cannot respond. To the extent a response is required, MSA denies all allegations in ¶ 45 of the Amended Complaint.

46. Plaintiff removed ¶ 46 and therefore no response is required.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of what actions Lancaster took and therefore cannot respond. To the extent a response is required, MSA denies all allegations in ¶ 47 of the Amended Complaint.

48. Admit that counsel for MSA was aware of Lancaster's participation in at least one interview with DoS OIG, but otherwise deny any allegations and legal conclusions in ¶ 48 of the Amended Complaint.

49. Admit that MSA filed a complaint in the Circuit Court for Arlington County, Virginia (Case No. 19-901) in March of 2019 against Karen Iovino, but otherwise deny any allegations and legal conclusions in ¶ 49 of the Amended Complaint.

## IX.   BACKGROUND FACTS RELEVANT TO ADVERSE ACTION AND PRETEXT

50. Admit that MSA validators conduct training and testing of MSA's Explosive Detection Canines, but otherwise deny any allegations in ¶ 50 of the Amended Complaint.

51. Admit that MSA records surveillance footage of canine detection tests, but otherwise deny any allegations in ¶ 51 of the Amended Complaint.

52. Admit.

53. Admit that Harrington was sent home while MSA investigated the incident further and that MSA notified DoS of Harrington's actions, but otherwise deny any allegations and legal conclusions in ¶ 53 of the Amended Complaint.

54. Admit that MSA reviewed available surveillance footage to determine whether anyone was manipulating odor tests for Explosive Detection Canines in violation of established protocols, but otherwise deny any allegations in ¶ 54 of the Amended Complaint.

55. Admit.

56. Deny.

## X.    ADVERSE ACTIONS

57. Admit that MSA filed a complaint in the Circuit Court for Arlington County, Virginia (Case No. 19-901) in March of 2019 against Karen Iovino, but otherwise deny any allegations and legal conclusions in ¶ 57 of the Amended Complaint.

58. Admit that on May 21, 2019, MSA placed Lancaster on administrative leave due to surveillance footage showing Lancaster manipulating odor tests for Explosive Detection Canines in violation of established protocols, but otherwise deny any allegations in ¶ 58 of the Amended Complaint.

59. Admit that on May 21, 2019, MSA denied Lancaster's request to review the surveillance footage pending the investigation, and that further review of the surveillance footage would take place, but otherwise deny any allegations in ¶ 59 of the Amended Complaint.

60. Admit that on May 22, 2019, MSA submitted a follow-up incident report to DoS naming Lancaster and another individual (Frank Tortorella), but otherwise deny any allegations in ¶ 60 of the Amended Complaint.

61. Admit.

62. Deny.

63. Deny.

64. Deny.[2]

64. Admit that on June 7, 2019, MSA sent a letter to Lancaster terminating his employment and that the language quoted in this ¶ 64 of the Amended Complaint is indeed in that June 7, 2019 letter, but otherwise deny all allegations in this and legal conclusions ¶ 64 of the Amended Complaint.[3]

65. Deny.

## XI. CLAIM

### A. DISCRIMINATION IN VIOLATION OF 41 U.S.C. § 4712

66. Deny.

67. Paragraph 67 makes a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies any allegations made in ¶ 67 of the Amended Complaint.

68. Paragraph 68 makes a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies any allegations made in ¶ 68 of the Amended Complaint.

69. Plaintiff removed ¶ 69 and therefore no response is required.

70. Deny.

71. Deny.

---

[2] Plaintiff's Amended Complaint contains two paragraph number 64s. This response responds to the first ¶ 64 listed in the Amended Complaint.

[3] Plaintiff's Amended Complaint contains two paragraph number 64s. This response responds to the second ¶ 64 listed in the Amended Complaint.

72. Deny.

**XII.   PRAYER FOR RELIEF**

73. Deny.

**DEFENDANT MSA'S AFFIRMATIVE DEFENSES**

1.      Defendant incorporates by reference each and every response set forth in the foregoing paragraphs as if fully set forth in each affirmative defense.

2.      Defendant reserves the right to add such other and further defenses as they become known during the litigation. As its affirmative defenses, Defendant asserts the following:

**First Affirmative Defense**

Plaintiff fails to state a claim against Defendant upon which relief may be granted.

**Second Affirmative Defense**

The claims set forth in the Amended Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate his damages, if any.

**Third Affirmative Defense**

The claims set forth in the Amended Complaint are barred, in whole or in part, by Plaintiff's unclean hands.

**Fourth Affirmative Defense**

At all relevant times, Defendant acted in good faith.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in its favor; dismiss Plaintiff's First Amended Complaint; award Defendant all costs and attorneys' fees incurred in defending this action; and grant such other and further relief this Court deems appropriate.

Respectfully submitted,

Date: June 17, 2024

*/s/ Ryan C. Berry*

_____

Ryan C. Berry (VSB 67956)
Daniel S. Ward (VSB 45978)
WARD & BERRY, PLLC
1751 Pinnacle Drive, Suite 900
Tysons, VA 22102
(202) 331-8160
(202) 505-7100 Fax
ryan@wardberry.com
dan@wardberry.com

*Attorneys for Defendant Michael Stapleton*
*Associates, Ltd., d/b/a MSA Security, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, I electronically filed the foregoing with the Clerk

of the Court for the United States District Court for the Western District of Virginia by using the

CM/ECF system. I certify that the following participants in the case are registered CM/ECF

users and that service will be accomplished by the CM/ECF system.

Nate L. Adams III
Nate L. Adams III, P.C.
ADAMS AND ASSOCIATES
11 South Cameron Street
Winchester, VA 22601
(504) 667-1330
nadams@nadamslaw.com

Stephani L. Ayers
GOVERNMENT ACCOUNTABILITY PROJECT
1612 K St. NW, Suite 1100
Washington, DC 20006
(813) 382-7865
stephani@whistleblowerdefenders.com

*/s/ Ryan C. Berry*

_____

Ryan C. Berry