**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

GARRETT LANCASTER,

Plaintiff,

v.

MICHAEL STAPLETON ASSOCIATES, LTD., d/b/a MSA SECURITY, INC.,

Defendant.

Case No. 5:23-cv-00063

**MOTION FOR ADMISSION OF THAD M. GUYER PRO HAC VICE**

Pursuant to Rule 6(d) of the Local Rules of the United States District Court for the Western District of Virginia, the undersigned, Nate L. Adams, III, a member of the bar of this Court and counsel of record for Plaintiff Garrett Lancaster, moves the Court for an order permitting Thad M. Guyer to appear pro hac vice on behalf of Plaintiff in this action, in association with the undersigned. In support of this Motion, movant states as follows:

1. Mr. Guyer is an attorney with T.M. Guyer & Friends, PC, 116 Mistletoe Street, Medford, Oregon 97501. His telephone number is (202) 227-3590, and his email address is thad@guyerfriends.com.

2. Mr. Guyer is not licensed to practice under the laws of Virginia. He is qualified and licensed to practice before the highest courts of the States of Oregon (Bar No. 821443), Tennessee (BPR No. 006167), and Arkansas (Bar No. 80183), and he is an active member in good standing of each of those bars. He is therefore eligible for admission pro hac vice under Local Rule 6(d). A certificate of good standing issued by the Oregon State Bar on October 8, 2026 is attached as Exhibit B.

3. Mr. Guyer has previously been admitted pro hac vice in this Court and Division, in companion litigation against the same Defendant. *Iovino v. Michael Stapleton Associates, Ltd.*, No. 5:21-cv-00064 (W.D. Va.), ECF No. 44 (Aug. 3, 2022) (oral order granting pro hac vice admission).

4. The Declaration of Thad M. Guyer, attached as Exhibit A, sets forth his bar admissions and discloses prior disciplinary, court, and administrative license matters, including the show cause proceeding in the *Iovino* action, which this Court concluded with an order finding that no sanction was warranted.

5. Stephani L. Ayers is admitted pro hac vice in this action on behalf of Plaintiff. ECF No. 3 (Oct. 11, 2023). Mr. Guyer will serve as co-counsel with Ms. Ayers.

6. Mr. Guyer will appear only in association with the undersigned, who will remain counsel of record for Plaintiff. Mr. Guyer has agreed to comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the standards of professional conduct applicable to attorneys practicing before this Court. Upon admission, he will promptly qualify for electronic case filing and file a notice of appearance, as Local Rule 6(d) requires.

7. The pro hac vice admission fee is tendered with this Motion.

WHEREFORE, movant respectfully requests that the Court grant this Motion and enter the proposed order attached as Exhibit C, permitting Thad M. Guyer to appear pro hac vice on behalf of Plaintiff Garrett Lancaster in this action.

Dated: October 12, 2026

Respectfully submitted,

/s/ Nate L. Adams, III
Nate L. Adams, III (VSB No. 20707)
Nate L. Adams, III, P.C.
11 South Cameron Street

Winchester, VA 22601
(540) 667-1330
nadams@nadamslaw.com

Counsel for Plaintiff Garrett Lancaster

Exhibits:
A. Declaration of Thad M. Guyer
B. Certificate of Good Standing
C. Proposed Order

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Nate L. Adams, III
Nate L. Adams, III (VSB No. 20707)

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | |
|---|---|
| GARRETT LANCASTER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL STAPLETON ASSOCIATES, LTD., d/b/a MSA SECURITY, INC.,<br><br>Defendant. | Case No. 5:23-cv-00063 |

**DECLARATION OF THAD M. GUYER**
**IN SUPPORT OF MOTION FOR ADMISSION PRO HAC VICE**

I, Thad M. Guyer, declare as follows:

1. I am an attorney with T.M. Guyer & Friends, PC, 116 Mistletoe Street, Medford, Oregon 97501, telephone (202) 227-3590, email thad@guyerfriends.com. I submit this Declaration in support of the Motion for my admission pro hac vice to represent Plaintiff Garrett Lancaster in this action. I have personal knowledge of the facts stated here.

2. I am an active member in good standing of the bars of the following jurisdictions: (a) the State of Oregon, Bar No. 821443; (b) the State of Tennessee, BPR No. 006167; and (c) the State of Arkansas, Bar No. 80183, to which I was admitted on September 5, 1980. I have never been a member of any other state bar. I am admitted to practice before the United States District Court for the District of Oregon. I am not a member of the Virginia State Bar.

3. I am not currently suspended or disbarred in any jurisdiction. No disciplinary proceeding is currently pending against me in any jurisdiction. This Court previously admitted me pro hac vice in *Iovino v. Michael Stapleton Associates, Ltd.*, No. 5:21-cv-00064 (W.D. Va.), ECF No. 44 (Aug. 3, 2022).

4. I disclose the following matters:

a. *Iovino* show cause proceeding, Virginia State Bar matter, and Oregon State Bar review. On July 24, 2024, this Court entered an Order to Show Cause in *Iovino* (ECF No. 178) concerning citation and quotation errors attributable to generative artificial intelligence in objections I drafted and signed. After a hearing on October 9, 2024, the Court entered an order on October 10, 2024 stating that it was satisfied that no sanction was warranted, and directing the Clerk to forward the order and hearing transcript to the appropriate state bar associations (ECF No. 200). The Virginia State Bar thereafter opened In the Matter of Thad M. Guyer, VSB Docket No. 25-070-132899, and imposed a private reprimand with terms, consisting of three hours of continuing legal education on artificial intelligence, under Virginia Rules of Professional Conduct 1.1 and 8.4(a). The Subcommittee Determination was mailed May 7, 2025, and the matter closed on September 10, 2025. I self-reported the *Iovino* matter to the Oregon State Bar in September 2024 (LDD 2401299). In Oregon State Bar Case No. 25-63, the State Professional Responsibility Board, applying the Virginia rules under Oregon Rule of Professional Conduct 8.5(b)(1), determined that my conduct violated Virginia Rules of Professional Conduct 1.1 and 8.4(a). Noting numerous mitigating factors, including my lack of prior discipline, it resolved the matter with a letter of admonition dated September 16, 2025, and no formal disciplinary proceeding was instituted. No disciplinary action has ever been taken against me by the Oregon Supreme Court or the Oregon Disciplinary Board, as the Oregon State Bar's Certificate of Good Standing dated October 8, 2026 (Exhibit B) confirms, and I remain an active member in good standing.

b. District of Oregon admonishment. *Marti v. U.S. Pro Moving and Logistics, LLC*, No. 1:21-cv-00471-AA (D. Or.), is a civil RICO action in the trucking and household moving industry against multiple defendants. By order dated January 27, 2026 (ECF No. 113), the court dismissed the claims against one defendant, Rudolph Logan Rice, and admonished me in connection with the prosecution of the claims against him. The court imposed no monetary sanction and awarded no attorney fees. The court denied reconsideration on April 28, 2026 (ECF No. 120). In an action brought by the Florida Attorney General, Rice consented to a final judgment and permanent injunction that bars him from owning, operating, or participating in any household moving broker business and from providing services related to the moving industry in Florida or to Florida consumers. *Office of the Attorney General, State of Florida v. Gold Standard Moving and Storage LLC*, No. CACE22017919 (Fla. Cir. Ct. Broward Cnty. Nov. 5, 2024) (Agreed Final Judgment entering Consent Final Judgment and Stipulated Permanent Injunction against Rudolph Logan Rice). On July 18, 2026, the *Marti* plaintiffs moved for entry of a Rule 54(b) judgment on the dismissal of Rice and for leave to appeal (ECF No. 122). That motion is fully briefed and remains pending. If the appeal proceeds, the admonishment will be a collateral issue in the appeal of the dismissal of Rice.

c. Administrative license events. By order dated April 29, 2021, the Supreme Court of Tennessee summarily suspended my license for nonpayment of the annual registration fee; I was reinstated effective October 28, 2025. My Arkansas license was suspended for continuing legal education deficiencies on March 27, 2001, and was deemed surrendered for nonpayment of the annual license fee on November 21, 2016; it was reinstated to active

status and good standing on December 4, 2025. Neither event arose from a disciplinary complaint.

d. Later admissions. Since the *Iovino* matter, I have applied for admission pro hac vice in several cases, and for renewal of my admission to the United States Court of Appeals for the Second Circuit, each time disclosing the *Iovino* matter and the resulting bar proceedings. No court has denied any of those applications.

5. I have read and am familiar with the Local Rules of this Court. I agree to comply with the Federal Rules of Civil Procedure, the Local Rules, and the standards of professional conduct applicable to attorneys practicing before this Court. I will personally verify every citation and quotation in any filing that bears my signature, consistent with my obligations under Federal Rule of Civil Procedure 11.

6. I will appear in association with Nate L. Adams, III, a member of the bar of this Court, and upon admission I will promptly qualify for electronic case filing and file a notice of appearance.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 9, 2026.

/s/ Thad M. Guyer
Thad M. Guyer
T.M. Guyer & Friends, PC
116 Mistletoe Street
Medford, OR 97501
Phone (202) 227-3590
thad@guyerfriends.com
Oregon Bar No. 821443

# EXHIBIT B

Oregon State Bar

# Certificate of Good Standing

I, Sarra Yamin, do hereby certify that I am Regulatory Counsel of the Oregon State Bar, and have access to the official files and records of the Oregon State Bar.

The official files and records of the Oregon State Bar indicate:

**THAD M. GUYER, BAR NO. 821443**

was admitted to practice law in the State of Oregon by Examination and became an Active licensee of the Oregon State Bar on April 27, 1982.

There are no grievances or disciplinary proceedings presently pending against this licensee.

No disciplinary action has been taken against this licensee in the past by the Oregon Supreme Court or the Oregon Disciplinary Board.

Mr. Guyer is an Active licensee of the Oregon State Bar in good standing, licensed and entitled to practice law in all the courts of the State of Oregon.

DATED this 8th day of October 2026.

Sarra Yamin
Regulatory Counsel

Kerri Deegan

______________________________
Kerri Deegan, Authorized Representative

*This certificate expires 60 days from the date of issuance*

16037 SW Upper Boones Ferry Road, PO Box 231935, Tigard, Oregon 97281-1935
(503) 620-0222 *toll-free in Oregon* (800) 452-8260 www.osbar.org

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**HARRISONBURG DIVISION**

| | |
|---|---|
| GARRETT LANCASTER,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL STAPLETON ASSOCIATES, LTD.,<br>d/b/a MSA SECURITY, INC.,<br><br>Defendant. | Case No. 5:23-cv-00063 |

**ORDER GRANTING MOTION FOR ADMISSION OF THAD M. GUYER PRO HAC VICE**

This matter is before the Court on the Motion for Admission of Thad M. Guyer Pro Hac Vice, filed by Nate L. Adams, III, a member of the bar of this Court and counsel of record for Plaintiff. Upon consideration of the Motion and the Declaration of Thad M. Guyer, and it appearing that Mr. Guyer is qualified under Local Rule 6(d), it is hereby

**ORDERED** that the Motion is **GRANTED**. Thad M. Guyer is admitted pro hac vice to appear on behalf of Plaintiff Garrett Lancaster in this action, in association with Nate L. Adams, III. Mr. Guyer shall promptly qualify for electronic case filing and file a notice of appearance.

The Clerk is directed to send a copy of this Order to all counsel of record.

ENTERED this ____ day of ______________, 2026.

______________________________
United States Judge